UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES JENKINS, )
)
        Petitioner, )
)
    v. ) No. 1:17-cv-03952-JMS-MJD
)
KEITH BUTTS Warden, )
)
        Respondent. )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of James Jenkins for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 17-05-0102. For the reasons explained in this Entry, Mr. Jenkins's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Hearing

On May 16, 2017, S. Miller wrote a Conduct Report charging Mr. Jenkins with a violation of B-200, being a habitual conduct rule violator. The Conduct Report states:

> On the above date and time, while processing conduct reports, I, S. Miller became aware that offender Jenkins, James 105817 is in violation of a code 200 Habitual Rule Violator. He has been found or plead[ed] guilty to five related or unrelated class C conduct offenses in a period of six months or less according to OIS. Offender has been made aware of this conduct report.

Dkt. 7-1. Attached to the Conduct Report was a printout from the Offender Information System that listed the following offenses:

| Date | Offense | Disposition |
| --- | --- | --- |
| 05/16/2017 | C-350: Lying or providing false statement | Privilege |
| 04/26/2017 | C-366: Being in an unauthorized area | Written Reprimand; Privilege |
| 03/13/2017 | C-304: Disfigurement | Privilege |
| 01/13/2017 | C-352: Interfering with count | Written Reprimand |
| 01/09/2017 | C-352: Interfering with count | Privilege |
| 01/09/2017 | C-366: Being in an unauthorized area | Written Reprimand |

Dkt. 7-2.

Mr. Jenkins was notified of the charge on May 17, 2017, when he received the Screening Report. Dkt. 7-3. He pleaded guilty to the charge, did not wish to have a lay advocate, and did not request any witnesses or physical evidence. *Id.*

The prison disciplinary hearing was held on May 18, 2017. According to the notes from the hearing, Mr. Jenkins pleaded guilty and stated, "I am guilty." Dkt. 7-4. Based on the staff reports, Mr. Jenkins's statement, and the physical evidence of the OIS printout, the hearing officer found Mr. Jenkins guilty of B-200, being a habitual conduct rule violator. The sanctions imposed included ninety days of earned credit time deprivation and a credit class demotion from I to II.

Mr. Jenkins appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Mr. Jenkins challenges his prison disciplinary conviction on two grounds that can be summarized into one ground: the underlying conduct reports from January 11 and May 10, 2017 were written by an officer in retaliation for Mr. Jenkins's filing of a grievance, which violates IDOC policy. Dkt. 1 at 3. The respondent argues that Mr. Jenkins's claims are not cognizable because he cannot challenge the validity of his underlying class C offenses, and the Seventh Circuit has repeatedly rejected the notion that an otherwise lawful disciplinary proceeding comporting with due process requirements is rendered invalid by a subjective retaliatory motive of the reporting officer. *See* dkt. 7 at 5. Mr. Jenkins did not file a reply, and the time to do so has passed.

Here, habeas relief is not available to Mr. Jenkins for three reasons. First, Mr. Jenkins may not challenge here the validity of any of his prison disciplinary class C convictions. "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran*, 381 F.3d at 639, or of credit-earning class, *Montgomery*, 262 F.3d at 644-45. When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all."

*Montgomery*, 262 F.3d at 644. The fact that a disciplinary conviction that did not itself implicate a liberty interest is used to deprive the inmate of a liberty interest in a later proceeding does not open the door to a federal challenge on the earlier conviction. *See Wilson-El v. Finnan*, 544 F.3d 762, 765 (7th Cir. 2008) ("the concern the Court expressed for finality, and its willingness to give that concern priority even in the face of earlier convictions that may have been tainted by the Sixth Amendment violation of ineffective assistance of counsel, suggest to us that the Court would frown on any holding that opened the door in the present situation to collateral attacks on underlying disciplinary convictions.") Here, none of Mr. Jenkins's class C convictions included the loss of good-time credits or a demotion in credit-earning class, *see* dkt. 7-7, so Mr. Jenkins may not now attempt to collaterally challenge his underlying class C convictions.

Second, he only asserts that these conduct reports were written in violation of IDOC policy because they were in retaliation for his filing a grievance. Claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). This is because prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).

Third, the Seventh Circuit has repeatedly held that federal habeas relief is not available so long as Mr. Jenkins has been afforded the due process protections of *Wolff* and the "some evidence" rule is met, even assuming retaliatory or fraudulent conduct on the part of prison officials. *See McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("we have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."); *see also McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987) ("Once the prisoner has been afforded those [*Wolff*] protections, our role as the reviewing court is limited to determining whether there was sufficient evidence to support the … decision."). Here, Mr. Jenkins has not alleged his *Wolff* due process rights were violated, and there is "some evidence," through the Conduct Report and OIS printout, supporting the determination that Mr. Jenkins is a habitual conduct rule violator. Indeed, he pleaded guilty to the charge. Dkt. 7-4.

Thus, habeas relief is not available to Mr. Jenkins.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Jenkins to the relief he seeks. Accordingly, Mr. Jenkins's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/1/2018

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES JENKINS
105817
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov